Cherry v. Jarratt.

---

MATILDA S. CHERRY, Executrix, &c. *vs.* FORTUNATUS JARRATT.

The probate court may make such allowance to a party resigning his letters of administration or executorship, as it may deem right and proper. Hutch. Code, 674.

It is a settled rule, that the probate court may allow commissions upon the whole estate administered.

The legislature has conferred upon the probate courts discretion as to the compensation to be allowed executors and administrators, to be exercised within

certain limits; and this power must be exercised according to justice and reason.

It is the duty of the probate court to watch and guard the rights of those interested in estates, and equally its duty to make an allowance to executors and administrators, corresponding with trouble and services in administering estates; but not to exceed in such allowances the maximum rate prescribed in the statute.

The probate court may allow an executor or administrator who resigns, a fair proportion of the sum to which he would be entitled for a complete administration of the estate.

This can only be arrived at by ascertaining how far the administration had progressed, and what acts and services would be necessary to complete it.

The allowance in such cases should never be liberal.

The law will not allow an administrator or executor to do any act prejudicial to the estate; and where he renounces the trust before the estate is fully administered, the additional cost, both for resignation and the appointment of another, should in every instance be imposed upon the party thus resigning.

There is no flagrant abuse, of the discretion vested in the probate court by the statute, exercised in this case; and it is only in such cases that this court would interfere with the judgments of that court.

The testimony of defendant, J., in his own case, amounts to nothing more than such presumptions as the law would raise in his favor.

IN error from the probate court of Marshall county; Hon. B. S. Lawrence, judge of the probate court.

Robert Cherry, deceased, appointed his widow, Matilda S. Cherry, as executrix, and Fortunatus Jarratt as executor, of his last will and testament, and they were both qualified as such some time in 1851, in the probate court of Marshall county. The personal property of the estate, consisting almost entirely of slaves, was appraised at $15,015.70. In April, 1852, Jarratt filed his petition in the probate court, praying that he might be allowed to surrender his letters testamentary, and for the allowance of his account, which was filed. It will be seen from that account, that Jarratt has there charged himself with the sum of $1,955.85, as having been received by him as executor, nearly all of which consists of the proceeds of the sale of a cotton crop, which was not included in the inventory. There was no objection to the granting of Jarratt's prayer for permission to surrender his letters, or to the sufficiency of any of the vouchers for which he asked credit in his account; but, on the final

hearing of the petition, when it became necessary to determine the amount of commissions to which he was entitled as executor, his counsel insisted, that under the statute, (Hutch. Code, 673, art. 4, § 3,) he was entitled to commissions upon what he had received and disbursed, as well as upon the appraised value of the estate, as ascertained by the inventory. On the other hand, it was insisted, on the part of the executrix, that Jarratt was not entitled to commissions upon any portion of the estate except that actually administered by him, to wit, the sum of $1,955.85, which he had collected and disbursed. Jarratt claimed, that he had had a great deal of trouble in managing the slaves and plantation of his testator, and the court below, notwithstanding the objection to his competency as a witness, permitted him to testify in regard to the amount of that trouble. The court below decided, that the petitioner was entitled to commissions upon the sum of $16,955, being the amount of his receipts and disbursements added to the amount of the inventory, and an allowance of two per cent. was made to him upon that sum. From the decree making that allowance, Mrs. Cherry has sued out this writ of error.

*Stearns* and *Harris,* for appellant.

The law, authorizing the allowance of commissions to executors and administrators, evidently contemplated, that no more than seven per cent. should be allowed for the entire administration of any estate, no matter how many persons might successively administer upon it. Seven per cent. is the extreme limit, within which the law restrains the discretion of the probate court, and, where there are several successive administrators, each of whom administers a portion of the estate, it would seem that the ends of justice can only be attained by apportioning the commissions among the various administrators, in proportion to the amount of assets actually administered by each. If the commissions are not thus apportioned, it necessarily results, either that more than seven per cent. must be allowed in many cases, or that exorbitant commissions will be allowed to the first administrator, and a meagre and insufficient compensation to his successors.

The statute, authorizing executors and administrators to resign their letters, (Hutch. Code, 674, art. 6, § 2,) sustains the view we have presented of the duty of the probate court. It provides, that the executor or administrator who resigns, "shall settle with the court so far as his administration may have extended," and that "the court shall make such allowance to such person or persons as it shall think right and proper, according to the statute in such case made and provided." The settlement is only coextensive with the administration, and the power given to the court to allow commissions, must be held to be limited and restrained to that portion of the estate which has been actually administered.

*D. C. Glenn,* on the same side, cited 1 Wend. 249; 2 Call; 2 Hen. & Munf. 21; Hutch. Code, 682, § 13; 3 Munf. 293; 4 Hen. & Munf. 415; 6 Munf. 99, 150.

*Clapp* and *Strickland,* for appellee.

In the allowance of commissions by the probate court, this court held in the case of *Merrill* v. *Moore,* 7 How. 291, and in *Shurtliff* v. *Witherspoon,* 1 S. & M. 621, have expressly decided, that "the allowance may be made to extend to the whole estate administered." Does the error consist in the amount or rate of commissions allowed? The statute of this State (Hutch. Dig. 572, § 120) says: "In all cases the court shall allow an executor, administrator, &c., on the final settlement of his account, such compensation as shall appear to said court reasonable and just, for his trouble in administering the estate, not less than five nor exceeding ten per cent. on the appraised value." The act of 1844 (Hutch. Dig. 488) gives to the executor or administrator, "for the management of any estate, on the appraised value thereof, (to be allowed by the probate judge,) not less than one nor more than seven per cent." In reference to precisely such cases as this, where the executor or administrator resigns before the estate is fully administered, the language of the act is: "And the said court shall make such allowance to such person or persons as they may deem right and proper, according to the statute in such cases made and

provided," &c.    Hutch. Dig. 674, § 2.    The statute to which
reference is here made, is evidently the one above referred to,
allowing commissions of from one to seven per cent., at the
discretion of the judge of probates, on the entire value of the
estate.    The probate court, then, did not err in taking the
entire appraised value of the estate as the basis of the allow-
ance.    As to the amount or rate of commissions which may be
allowed upon this basis, this court has left the question where
the statute has fixed it, at the discretion of the judge of pro-
bates.    In *Satterwhite* v. *Littlefield & Wife*, 13 S. & M. 302,
the language held by the court is: " It is in the discretion of
the probate court to fix the amount of the commissions allowed
administrators and executors within the limits fixed by law ; it
is so much a matter of discretion with the probate court, that
the high court of errors and appeals would not interfere with
an allowance by that court, unless where there had been a
manifest abuse."

Upon the question of the admissibility of the oath of the
party as testimony, the court is referred to 3 Phil. Evid. (Cow.
& Hill's edit.) 266, and note 491 ; 1 Greenl. Evid. § 117 ;
1 Phil. Evid. 69, and note 127 ; 1 Greenl. Evid. § 149 ; *Johnson
et al.* v. *Stone*, 11 Humph. 419.

Mr. Justice FISHER delivered the opinion of the court.

The appellee, as one of the executors of the last will and
testament of Robert Cherry, deceased, filed his petition at the
April term, 1852, of said court, praying that he might be per-
mitted to surrender his letters testamentary, and for a settle-
ment of his account, so far as the administration had extended.
At the following August term of the court, the prayer of the
petition was granted, and the court allowed the appellee two
per cent. commissions upon the appraised value of the estate,
besides the same rate of commissions upon the estate received
and administered by the executor, after the inventory had been
returned.

The question presented for our decision is, that the executor,
resigning his trust before a final settlement of the estate, was
only entitled to commissions upon so much of the same as he

had fully administered; and not having fully administered the estate in the inventory, he was not entitled to commissions thereon. The law on this subject will be found in Hutch. Code, 674, and it says, that the court may make such allowance to the party resigning his letters, as it may deem right and proper, according to the statute in such case made and provided. The statute here referred to, is the act of 1824, authorizing the court, upon final settlement, to allow commissions to the executor or administrator upon the appraised value of the estate. Ib. 673, 674. The rule has been settled by this court, that the probate court may allow commissions upon the whole estate administered. Under these statutes and the rule, as settled in this court, it was competent for the probate court to allow commissions to the appellee upon the whole estate. The legislature has conferred upon the probate courts a discretion as to the compensation to be allowed executors and administrators, to be exercised within certain prescribed limits, for the purpose of protecting the estate against unjust or illegal charges, on the one hand, and of doing full justice, according to the facts and circumstances of each particular case, to the executor or administrator, on the other hand. Discretion was moreover given to the court, because it was not possible for the legislature on this subject to prescribe a rule of action, adapted to every case that might arise in practice. But it must not be understood, that because the court is clothed with a discretion as to a certain matter, it is at liberty to exercise it arbitrarily, regardless of the testimony before it, or that it may render a judgment without sufficient testimony. The power must be exercised according to reason, justice, and sound policy. It is the duty of the probate court to watch and guard the rights of those interested in the estate. It is also equally its duty to make an allowance to an executor or administrator, corresponding with his trouble, services, and responsibilities in administering the estate; not, however, exceeding in any case the maximum rate prescribed by the statute. But the party claiming such allowance, must place the court in possession of those facts which will enable it to exercise its discretion rationally; and the question therefore arises, how this may be done in a

case like the present, where the executor resigns his trust before the estate has been fully administered. The act of 1826 says, that the court may make such allowance as it may deem right and proper, according to the provisions of the act of 1824, which says, that no allowance shall be made to an executor or administrator but upon final settlement of the estate. In the present case, the court was called upon to allow the executor compensation for only a partial administration of the estate. He could only claim for a partial administration, a fair proportion of the sum to which he would have been entitled for a complete administration. The court had, therefore, to determine what proportion the part bore to the whole. Before it could do this, it had to determine what the compensation for a full administration ought to be, as it could not know what proportion a part bore to the whole, till the whole itself was ascertained. This result could only be arrived at, by ascertaining how far the administration had progressed, and what acts and services would be necessary to complete it. When this state of case is presented, the court can afford the estate all necessary protection, and at the same time do full justice to the party surrendering his letters. If, however, from any cause, the party is unable to present his case in this light to the court, he ought to be satisfied with such allowance as the court, having a due regard to the interests of the estate, would be authorized in making on an uncertain or unsatisfactory showing. The allowance in such case should never be liberal, as it might prove either detrimental to the estate, or unjust to the successor in the administration.

Another question which may be noticed as important in this class of cases, is, that the law will not allow an executor or administrator to do any act prejudicial to the estate. When he renounces the trust before fully administering it, he does so to promote his own interest. Additional costs, both for the resignation and the appointment of another administrator, have to be incurred. These should in every instance be imposed upon the party surrendering his letters.

It is now proper to state that those several rules have but little bearing upon the case under consideration. They have

been stated merely in response to the wishes of counsel on this subject.

As to the present case, it will be sufficient for us to remark, that we find in the record no flagrant abuse of that discretion vested in the probate court by the statute; and it is only in such a case, that this court would reverse the judgment of the court below.

One other question made by counsel for the appellant is, that the court erred in permitting the appellee to testify in his own case, as to the trouble he had been at in managing the property embraced in the inventory. To this it is only necessary to state, that the law required the executor to preserve and manage in the best manner the said property. To do this certain services were necessary; and his statements amount to no more than such presumptions as the law raises in his favor, supposing that he had discharged his duty. The evidence was, therefore, immaterial.

Decree affirmed.