WALTER D. SPROTT, Admr., &c., and Wife, *v.* L. N. BALDWIN.

1. EXECUTOR AND ADMINISTRATOR : NOT ENTITLED TO RECEIVE COMMISSIONS UNTIL ESTATE FINALLY SETTLED.—An administrator upon a final settlement of his accounts, is entitled to commissions only on so much of the estate as he has fully administered; but, on the remainder of the estate, which is unadministered, and must, therefore, go into the hands of an administrator *de bonis non*, he will be entitled to receive such commissions as shall appear reasonable and just for his services in relation thereto, when the estate shall be finally settled by his successor.

2. SAME : WILL : WHEN PROPER FOR A GUARDIAN OR TRUSTEE TO EXECUTE A WILL, INSTEAD OF ADMR. C. T. A.—Where the testator, by his will, directs that his property shall be kept together, and his plantation carried on by his executor, and that his children shall be supported and educated out of the proceeds, at the discretion of the executor, until his youngest child shall arrive at full age, the estate, when administered by an administrator with the will annexed, will be ready for final settlement, as soon as the debts are paid and the legatees entitled to receive the entire income. In such a case, the duty of carrying on the farm, &c., can be more properly performed by a guardian or trustee, than by an administrator with the will annexed.

3. CASES CITED.—The case of *Cherry* v. *Jarratt*, 25 Miss. R. 221, cited and explained, on the subject of commissions to executors and administrators.

APPEAL from the Court of Probates of Claiborne county. Hon. L. O. Bridewell, judge.

In addition to the facts stated in the opinion of the court, it is necessary only to set out the following clauses of the decedent's will:—

"Item 2d. I wish my estate, real and personal, to be equally divided amongst my wife and my children in fee simple ; but I wish

all of my estate to be kept together, as it now is, and my planta-
tion carried on by my executrix.  Crops to be raised and sold,for
cash, or shipped for sale, and the proceeds invested either in the
purchase of slaves or loaned at interest, until my youngest child
shall attain the age of twenty-one years, or shall marry.

"Item 3d.  I wish my family supported, and my children edu-
cated, out of the proceeds of my estate, by my executrix, in her
discretion."

*George V. Moode,* for appellants,

Made the following points :—

1. The commissions allowed are excessive, as the proof shows
that the youngest child is only three years old ; and hence, that the
estate is to be administered for eighteen years.  If Baldwin's suc-
cessor is allowed the same rate of commissions per annum as has
been allowed him, the commissions for administering the estate
must amount to thirty per cent.  This is a manifest abuse of the
discretion vested in the judge. See *Cherry* v. *Jarratt,* 3 Cushm. 225.

2. No commissions can be allowed on the amount of property in
the inventory, because that property, except the portion sold, is
yet unadministered assets, which goes to the administrator *de bonis
non.*   See *Morse* v. *Clayton,* 13 S. & M. 373 ; 5 S. & M. 130 ; 6
S. & M. 323.

*H. T. Ellett, J. B. Coleman,* and *W. S. Wilson,* for appellee,

Cited Hutch. Dig. 672, § 120 ; Ib. 673, Art. 4, § 3 ; Ib. 488, §
1 ; *Merrill* v. *Moore,* 7 How. Miss. 293 ; *Satterwhite* v. *Littlefield,*
13 S. & M. 302.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Probate Court of Claiborne
county.

The appellee, being administrator, with the will annexed, of
Charles W. Wilson, deceased, was ordered, by the court, to execute
a new bond, in a sum equal to the value of the assets of the estate,
and, failing to comply with this order, his letters of administration
were revoked ; the court, however, retaining jurisdiction over the

Sprott, Admr., and wife, *v.* Baldwin.

administrator, for the purpose of compelling him to make a settlement of his accounts.

It appeared, upon this settlement, that a portion of the estate had been fully administered; and, upon this portion, the court allowed the administrator full commissions. It also appeared that the larger portion of the estate was not fully administered; but the court, notwithstanding, allowed the administrator commissions, at the rate of *five per cent.*, on this portion; and this is the error complained of by the appellant.

The Act of 1822 (Hutch. Code, 672) declares that the court shall allow to an administrator, on final settlement of his account, such compensation as shall appear reasonable and just for his trouble in administering the estate, not exceeding ten per cent. on the appraised value, &c. The Act of 1824 fixes the compensation which shall be allowed on final settlement of the estate. The Act of 1844 merely relates to the rate of compensation to be allowed, and must be construed with reference to the former laws on the same subject. The three statutes, taken as a whole, clearly mean that compensation can only be allowed to an administrator upon a final settlement of the estate. The compensation is given for a full and complete administration, and not for a partial one. The fact that the administration is complete, must be adjudicated, before the compensation can be allowed to the administrator, as any other rule might either subject the estate to the payment of exorbitant commissions, or leave it in a condition not to be fully administered, on account of inadequate compensation. The statute is entirely silent as to what compensation, if any, shall be allowed to an administrator, who has been forced, as in this case, to surrender his trust. Admitting that valuable services have been rendered by the administrator, he cannot be placed in a better situation by the order of the court compelling him to surrender his letters, than he would be in if he had continued in the administration till a final settlement of the estate; and if he had so continued, no compensation could have been allowed him until such final settlement. What, then, must be the rule in this case? Most clearly, that the administrator can be allowed nothing on that portion of the estate which must go into the hands of the administrator *de bonis non*, until the final settlement by such administrator. The

court, then, in making the allowance, may declare the amount of compensation which each shall receive, the whole not exceeding the limit prescribed by the statute. This is the only safe rule which can be laid down on the subject, and while it will protect estates, against unjust commissions to be paid for the administration, it will at the same time secure to those performing the services at different stages of the administration, the compensation, which the court, in the exercise of a sound discretion, may allow under the statute. Nor can it, with propriety, be pretended that this rule in the least conflicts with the decision of this court in the case of *Cherry* v. *Jarratt*, 25 Miss. R. 221. In that case the executor had, under the provision of the Statute of 1826, resigned his letters testamentary, and the decision was based alone upon that statute.

There is one other point which may become important, if not now directly presented by the record. The testator by his will directs his estate to be kept together until his youngest child shall arrive at full age or marry; and it is, therefore, contended that no final settlement of the estate can take place until that time. We disagree with counsel on this point. The estate will be ready for final settlement as soon as the debts are paid, and the legatees can enjoy the entire income or benefit of the property. This provision of the will prescribes duties which can be more properly performed by a guardian or trustee, than by an administrator with the will annexed.

Decree reversed, and cause remanded.