WILLIAMS et al. *v.* WILLIAMS

No. 41875          May 15, 1961          130 So. 2d 550

*Joe G. Moss,* Raymond, for appellants.

*William R. Patterson, T. Eugene Caldwell,* Jackson, for appellees.

GILLESPIE, J.

This suit was filed in the Chancery Court of Hinds County by Caresia Flowers Williams and her minor children, Corenie Williams, L. C. Williams, J. C. Williams, Virginia Williams and Howard Sam Williams, against W. R. Broome, Mutual Benefit Health & Accident Association, Ruth Johnson Williams, also known as Ruth Johnson Dixon, and her son, John Henry Williams, seeking to establish an express trust and to have the complainants adjudged the beneficiaries thereof. From an adverse decree, two of the defendants appeal.

Dayton C. Williams, hereinafter referred to as decedent, was accidentally killed on July 23, 1959, while in the employment of the defendant, W. R. Broome. Decedent had been an employee of Broom a little less than a year when he was killed. Up until a short time before October 2, 1958, Broome had eight or more employees in his logging operations and carried workmen's compensation insurance and about that date he began employing less than eight employees and dropped his workmen's compensation insurance. In order to give his employees as much insurance protection as he felt he could afford, Broome, on October 2, 1958, applied to the defendant, Mutual Benefit Health & Accident Association, hereinafter called Insurer, for an insurance policy and the policy was issued. This group policy provided for certain specific loss benefits for accidental injuries, including total disability benefits and medical benefits. The named beneficiary in the policy was the employer, Broome, but the insuring clause insured the employees of Broome. The accidental death benefit under the policy was $5,000. The policy stated on its face that it is not workmen's com-

pensation insurance and insures the employees of Broome for injuries arising out of and in the course of the performance of some duty pertaining to the employee's occupation. Under "Additional Provisions" the policy provided: "(a) This policy is not intended as a substitute for the performance of obligations which may be imposed upon the Employer by any Workmen's Compensation Law, state or federal, but the benefits payable shall be in addition to those, if any, to which the injured Employee may be entitled by virtue of such law on account of accident arising out of and in the course of his employment."

According to an insurance expert, this policy is designed for those employers who do not employ enough people to come under the Workmen's Compensation Act but still feel like they would like to have some protection for their employees in event of accident or dismemberment, or for dependents of employees in event of accidental death on the job.

Broome, the employer, testified that he did not claim the benefits under the policy and took it out when he dropped workmen's compensation insurance so as to do the best he could to protect the employees in what he regarded as a policy in lieu of workmen's compensation insurance. He did not know who would be entitled to it but he thought that the heirs of the deceased employee, whoever they might be, would be entitled to the proceeds.

On August 17, 1941, decedent entered into a ceremonial marriage with the defendant, Ruth Johnson, now known as Ruth Johnson Dixon, and of this marriage one child was born, the defendant John Henry Williams, now about 18 years old. About 1945, decedent and Ruth Johnson Williams separated. Ruth began living with Robert Dixon in the vicinity of Utica, Mississippi, and thereafter she and Dixon went to Chicago. Since her separation from decedent, Ruth Johnson Williams has been known as Ruth Johnson Dixon and has borne several children

by men other than decedent. She is now living in Maywood, Illinois, and has established a Social Security number under the name of Ruth Johnson Dixon.

After the separation of decedent and Ruth Johnson Williams, decedent took up with the complainant, Caresia Flowers, and established themselves for all outward appearances as man and wife. Caresia had theretofore had one or two children by other men. From about 1945 until the decedent's death, decedent and Caresia Flowers were known as man and wife at the church and in the community and had four children born to them, being four of the complainants in this case. Caresia adopted the name of Caresia Williams and was known as the wife of decedent. There was no interruption in their living together in the vicinity of Utica, Mississippi, except two trips for relatively short periods of time that decedent made to Chicago, on one of which he took Caresia with him. Ruth Johnson Dixon, then living in Chicago, testified that decedent stayed with her part of the time and lived with her as man and wife on these occasions when he was in Chicago. Those trips were in 1956 and 1957. The proof shows that decedent lived with and supported Caresia and the four children born to her by him for the period 1945 until his death in 1959. Decedent was never divorced from Ruth Johnson Williams, now known as Ruth Johnson Dixon.

This bill was filed by Caresia Flowers Williams, her four children born to decedent and one of her children by another man before she took up with decedent, against the Insurer, Broome, the employer, John Henry Williams, child of Ruth Johnson Williams, and Ruth Johnson Williams, now known as Ruth Johnson Dixon.

The Insurance Company paid the $5,000 death benefit into the registry of the court and was discharged.

The chancellor found that Ruth Johnson Williams, also known as Ruth Johnson Dixon, abandoned the marriage to the decedent and lived first with one Brown and there-

after with Robert Dixon and bore two children after abandoning her marriage to the decedent, and that she is estopped from claiming any of the proceeds from the insurance policy; that the proceeds of the insurance constitute an express trust for the benefit of Caresia Flowers Williams, an adult, and the legitimate child of decedent and Ruth Johnson Williams, whose name is John Henry Williams, a minor, and the four minor children born to decedent and Caresia Flowers Williams, and that each of said beneficiaries are entitled to a one-sixth share of the proceeds of said insurance after the payment of costs; and ordered the distribution of said proceeds upon the appointment of guardians for the minor beneficiaries.

Broome, the employer, did not appeal. The Insurance Company was discharged and did not appeal. Ruth Johnson Williams, also known as Ruth Johnson Dixon, and her son, John Henry Williams, appealed, contending that as the legal heirs at law of decedent, they are entitled to the entire proceeds of the insurance policy or, if Ruth Johnson Williams is estopped from claiming any share of said proceeds, that John Henry Williams is entitled to the entire proceeds of the policy.

■■ ■ The learned chancellor properly decided the case. Under the terms of the policy and all the circumstances, the insurance was to provide for the protection of Broome's employees and their dependents after he dropped workmen's compensation insurance. The question is not one of heirship. The question is: Who was intended to be the actual beneficiary of the death benefit? We are of the opinion that the beneficiaries were intended to be those who would lose their source of support if decedent lost his life. ■■■ Appellant, Ruth Johnson Williams has no standing; she is estopped to claim as a beneficiary. Those whom the chancellor decreed to be entitled to the proceeds of the insurance are those who lost their source of support, or right to support, upon the

death of decedent. Woodson v. Colored Grand Lodge Knights of Honor, 97 Miss. 210, 52 So. 457; Williams v. Lee, 130 Miss. 481, 94 So. 454; 29A Am. Jur., Insurance, Sec. 1758, p. 834.

Affirmed.

*McGehee, C. J.,* and *McElroy, Rodgers,* and *Jones, JJ.,* concur.