## BYARS *v.* GHOLSON *et al.*[*]

(Division B. April 25, 1927. Suggestion of Error Overruled May 16, 1927.)

[112 So. 578. No. 26461.]

EXECUTORS AND ADMINISTRATORS. *Wife living apart from husband without his fault, and not supported by him, is not entitled to year's support from his estate (Hemingway's Code, section 1717).*

A wife is not entitled to a year's support out of the estate of her husband under section 1717, Hemingway's Code (section 2052, Code 1906), where she is living apart from her husband at the time of his death, and is not being supported by him, without fault on his part, and where, in a suit between husband and wife for alimony prior to his death, it was adjudged that she was not entitled to said support, and where there has been no change in the situation since said judgment, although the court denied a divorce to either party in such prior suit.

[*]Corpus Juris-Cyc. References: Executors and Administrators, 24CJ, p. 255, n. 87, 88.

APPEAL from chancery court of Marshall county.
HON. N. R. SLEDGE, Chancellor.

Application by Alice Byars against Harris Gholson, executor of Washington Byars, deceased, and others, for a year's support from deceased's estate. From a decree for defendants, plaintiff appeals. Affirmed.

*Smith & Smith,* for appellant.

Appellant takes the position in this cause that at the time of the death of Washington Byars, she was his lawful, wedded wife and that in his will he so recognized his obligations to her as such that he left her a child's share in his estate. We further submit that the litigation for divorce between Alice Byars, appellant, and Washington Byars, testator, was a mutual litigation and that both

parties thereto were seeking a divorce from the other and that the court denied a divorce to either thereby declaring that one was as much to blame as the other and that neither was at greater fault than the other. This mutual litigation terminated in the summer of 1925 and we find in the winter of 1925 that Washington Byars filed his own suit against appellant for divorce, thereby denying to her the right to return to his home and, in effect, driving her away therefrom so that when he died in the spring of 1926, he was aggressively seeking to destroy her *status* as his wife. It comes with poor grace that his executor should seek to deny his widow the support provided by law after he himself had granted her a share of his estate.

The executor has no right to contest her application for the year's support and as no one else is contesting it, the court is urged summarily to reject the intervention by the executor into this matter and render a judgment here for the allowance sought. *Morgan* v. *Morgan,* 36 Miss. 348; *Whitehead* v. *Kirk,* 106 Miss. 706, 64 So. 658; *Turner* v. *Turner,* 30 Miss. 428; *McCrary* v. *Robinson,* 12 S. & M. 318.

In the instant case it was the husband who in the last analysis was the active agency for the disruption of the union and the potential cause of the continued separation, when he became the complainant in the divorce suit which was pending at his death, and in that suit appellant would have been allowed support money, *pendente lite,* at least. *Bank* v. *Donald,* 112 Miss. 681.

In this connection it is interesting to study the history of the mutations of the statute law in this state on this subject: Code of 1880, section 1279; Code of 1892, section 1877; Code of 1906, section 2052; Hemingway's Code, section 1717.

In the section as it now stands it is manifest that the legislature intended for the year's support to be given a widow and such children as were being supported by the testator at his death, naturally excluding from this bene-

ficial provision any allowance to children who had reached their majority or who were emancipated because under the law the parent owed no duty to support such children.

This is remedial legislation and should be liberally construed in favor of the allowance to the widow. Statutes setting apart specific property to the widow on the death of her husband are entitled to liberal construction for her benefit and apply where there is a will as well as in cases of intestacy. *Re Estate of Michael L. Breen,* 94 Kan. 474, 146 Pac. 1147, 4 A. L. R. 238; *Re Coreils Estate,* 83 So. 13, 145 La. 788; *Veeder* v. *Veeder,* 195 Iowa, 587, 192 N. W. 409, 29 A. L. R. 191. The Veeder case and the instant case have a striking similarity.

*Lester G. Fant,* for appellant.

The statute in Mississippi governs the allowance of a year's support to the widow of a deceased person. Section 1717, Hemingway's Code. We call the court's special attention to the description of the widow and children: ". . . his widow and children who were being supported by him, or for the widow if there be no such children, or for such children if there be no widow . . ." Clearly, the intention of the statute was to provide for the family, so there would be no break in the family living.

Alice Byars, not coming under the description that the statute lays down, would not be entitled to a year's support and it would be a dereliction of the duty of the executor if he did not appear and contest the claim. 11 R. C. L., paragraph 270, page 241. It would appear that this statement of Ruling Case Law is borne out by the polity in Mississippi because our statute uses the language, ". . . who were being supported by him." See *Barber* v. *Ellis,* 68 Miss. 172; 93 Am. Dec. 683; *Odiorne's Appeal,* 54 Penn. 175; *Estate of Noah,* 73 Cal. 583, 2 A. S. R. 829; *Murray* v. *Cargill,* 32 Me. 516; *Nye's Appeal,* 12 A. S. R. 873.

The statute in Mississippi is a complete answer to the learned brief of appellant's counsel and this case should be affirmed.

Argued orally by *L. A. Smith, Jr.,* and *L. A. Smith, Sr.,* for appellant, and *Lester G. Fant,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellant and Washington Byars were married and separated prior to his death. A divorce suit was filed by Washington Byars against appellant, Alice Byars, in the chancery court of Marshall county, Miss. She answered, denying the allegations of the bill, and setting up, by way of a cross-bill, allegations for divorce on her own behalf, and also for the allowance of temporary and permanent alimony. The chancellor heard the case on bill, answer, and proof, and denied the relief on the bill and also on the cross-bill, from which decree Alice Byars appellant, appealed to this court, where the judgment was affirmed on May 11, 1925. 104 So. 111. Thereafter, Washington Byars filed a second bill alleging desertion, which bill was answered by appellant, denying the allegations thereof, but not seeking any affirmative relief. While this suit was pending, before trial thereof, Washington Byars departed his life estate, providing in his will that Alice Byars should have a child's share in his estate. After the first suit for divorce, there was no resumption of marital relations between the parties, and no change in the *status* after the affirmance of the decree appealed from in the former suit, and appellant was not being supported by Washington Byars at any time after such affirmance of the case referred to.

After Washington Byars' death, the appellant filed an application for the allowance of a year's support under section 1717, Hemingway's Code (section 2052, Code of 1906), reading as follows:

''It shall be the duty of the appraisers to set apart out of the effects of the decedent, for his widow and children who were being supported by him, or for the widow if there be no such children, or for such children if there be no widow, one year's provision, including such provision as may be embraced in the exempt property set apart; and if there be no provisions, or an insufficient amount, the appraiser shall allow money in lieu thereof, or in addition thereto, necessary for the comfortable support of the widow and children, or widow or children, as the case may be, for one year. In addition to the provisions or money in lieu thereof, the appraisers shall ascertain and allow what sum of money will be needed to purchase necessary wearing apparel for the widow and such children, or the widow or children, as the case may be, and to pay tuition for the children for one year. If a mother die leaving children who are infants and were being maintained by her, the same provisions and allowance shall be set apart and made for them as above provided.''

The chancellor did not allow the application, and, from the judgment so disallowing same, the appellant appeals here.

The appellant contends that she is entitled to one year's support because she is the legal wife of the decedent, and that the executor had no right to contest the allowance.

The executor contends that the former decree is *res adjudicata* of the right of the wife to support by the decedent, and that she was not within the statute above quoted, because she was not being supported by him at the time of his death.

The appellant relies upon the case of *Morgan* v. *Morgan*, 36 Miss. 348, in which it was held that the proceeding by the widow to have set apart to her and her minor children, a year's allowance out of her deceased husband's estate is *ex parte,* and the administrator is not entitled to take notice of it, nor authorized to litigate

her claims. The case before us is different from the case of *Morgan* v. *Morgan, supra,* for the reason that the wife, in the case at bar, was living apart from her husband, and was not being supported by him at the time of his death, and because it had been judicially determined that she was not entitled to support from him by decree of a competent court, and affirmed by this court.

Where the wife is living with her husband at the time of his death, or where she is being supported by him, she is entitled to one year's support as provided by the statute. If she is living apart from him through no fault of her own, but through the fault of her husband, she would probably still be entitled to support, because the husband could not, by his own misconduct, deprive her of the right to support where she was without fault.

But the duty of the husband to support the wife growing out of the marriage relation, is coupled with reciprocal obligations upon the wife to perform her duty imposed by such marital relations. *Coffee* v. *Coffee* (Miss.), 111 So. 377.

It follows from what we have said that the decree of the chancellor must be affirmed.

*Affirmed.*