## WILLIAMS *v.* JOHNSTON.[*]

(Division B. Nov. 28, 1927.)

[114 So. 733. No. 26723.]

WILLS. *Husband's conduct in deserting wife for thirty years and remarrying without divorce estopped him from claiming right to renounce deceased wife's will.*

Where husband had deserted wife and lived apart from her for more than thirty years and had in meantime married another woman without first having obtained divorce, he was estopped by his conduct from claiming right to renounce will of his first wife who was deceased.

*Corpus Juris Cyc. References: Wills, 40Cyc, p. 1972, n. 85.

APPEAL from chancery court of Hinds county, First district.

HON. V. J. STRICKER, Chancellor.

Suit by Turner Williams against R. H. Johnston, administrator of the estate of Dinah Williams. From a judgment denying the relief sought, complainant appeals. Affirmed.

*P. G. Cooper,* for appellant.

Appellant cites: *Williams et al.* v. *Lee et al.,* 130 Miss. 481, 94 So. 454; *Jackson* v. *Overton et al.,* 96 So. 742.

*Easterling & Fox,* for appellee.

Appellee cites: *Sullivan* v. *Grand Lodge K. P.,* 52 So. 360; *Alabama R. R. Co.* v. *Beardley,* 79 Miss. 417, 30 So. 660, 89 A. S. R. 660; *Howard* v. *Kelly,* 111 Miss. 285, 71

So. 391, Ann. Cas. 1918E, 1230; *Western Union Tel. Co.* v. *McLaurin,* 108 Miss. 276, 66 So. 759; *Woodson* v. *Colored Grand Lodge, etc.,* 52 So. 457; *Shrader* v. *Shrader,* 81 So. 227; *Knap* v. *Grangard,* 10 Rob. 21 (La.); *Forsyth* v. *Martin,* 3 La. Ann. 514; *Leach* v. *Raines,* 48 N. E. 858, 149 Ind. 152.

The two cases cited and relied upon by counsel for appellant, both admit the rule that a husband or wife may be estopped, but held that the evidence upon which the estoppel was sought to be based was insufficient.

To secure the relief prayed for appellant must show his own infamy and moral turpitude. *Danciger* v. *Stone,* 187 Fed. 183-858; 1 C. J. 189-n; 1 Pom. Eq. Jur. (2 Ed.), sec. 397, and cases there cited and quoted. 21 C. J. 182.

HOLDEN, P. J., delivered the opinion of the court.

This suit is by the appellant, Turner Williams, to renounce the will of Dinah Williams, his deceased wife, and take one-half, or a child's share, of her estate, which she devised to her insane and helpless daughter, Eliza Williams. The estate left by the deceased amounted to about one thousand dollars, most of which was derived from an insurance policy payable to her, and issued by the Federal government to her son, Charles Williams, who served in the World War and died while in service.

The pertinent facts necessary to understand the decision are substantially as follows:

The appellant, Turner Williams, married Dinah Williams more than thirty years ago, and, after living together for some years, during which time two children were born to them, he mistreated and drove her, with their two small children, away from his home, and lived apart from her until her death.

The daughter, Eliza, lived with, and was cared for by, the deceased, during her lifetime; the other child died. This daughter is confined as a *non compos mentis,* and the estate left by the mother is to be used for her benefit.

After the will of the deceased was probated, in which all of her property was bequeathed to her insane daughter, the appellant herein entered a renunciation and sought to obtain, under the statute of our state, one-half of the deceased's estate.

The chancellor denied the relief sought by the appellant, Turner Williams, upon the ground that he was estopped from claiming a child's share in the estate of his deceased wife, because he had deserted and lived apart from her for more than thirty years, and had, in the meantime, married another woman without first having obtained a divorce from Dinah; that he would not be permitted to testify to his own infamous and felonious conduct in marrying a second time while his first wife was undivorced from him; that his general conduct in willfully deserting his wife and failing to recognize her or attempting to help her throughout a number of years, though living in the same community, estopped him from claiming the right of renunciation of the will of his deceased wife; that such character of proof offered would not be permitted in the courts of equity; and that, without this proof, his second marriage would be *prima-facie* legal, and the right to renounce the will of Dinah would not exist.

We think the decree of the lower court was correct; and the conduct of Turner Williams, as shown by the evidence in the case, was certainly sufficient to estop him from claiming the right to renounce the will of his deceased wife. His affirmative acts of mistreatment and desertion for thirty years, and final felonious conduct, were such that estoppel would bar him from any right that he might have had to renounce the will of his deceased wife, and secure the small amount of proceeds which would otherwise go to the helpless and insane daughter, Eliza Williams. *Woodson* v. *Colored Grand Lodge,* 97 Miss. 210, 52 So. 457, is a case in point. It is, however, a well-settled principle in all jurisdictions that the conduct of the husband under such circumstances as

appear in the case at bar is sufficient to estop him in his right to renounce the will of his deceased wife. *Shrader* v. *Shrader,* 119 Miss. 526, 81 So. 227; *Knaps* v. *Graugnard,* 10 Rob. (La.) 21; *Forsyth* v. *Martin,* 3 La. ᵢAnn. 514; *Leach* v. *Raines,* 149 Ind. 152, 48 N. E. 858; *Williams* v. *Lee,* 130 Miss. 481, 94 So. 454, 28 A. L. R. 1124.

The case of *Williams* v. *Lee,* cited as authority to support the contention of the appellant herein, that one half of the estate of the deceased Dinah should go to him, as her legal husband, regardless of the husband's conduct, does not support the contention of counsel for the appellant; but, on the other hand, it clearly indicates that, where the willful conduct of one of the parties to the marriage contract is such as will estop him or her from claiming any property rights of the other, the doctrine of estoppel will apply against the offending party. And we think the case before us is clearly one in which the husband is estopped by his willful conduct from claiming the right of renunciation of the will of his deceased wife.

The judgment of the lower court is affirmed.

*Affirmed.*