BROWN *v.* FRANKLIN.

(Division A. Feb. 6, 1933.)

[145 So. 752. No. 30316.]

Frierson & Anderson, of Columbus, for appellant.

**Owen & Garnett,** of Columbus, for appellee.

902

**McGowen, J.,** delivered the opinion of the court.

A branch of this case was before this court in the case of Brown v. Franklin, 157 Miss. 38, 127 So. 561, where the will involved is set forth.

There was a decree in the court below on exceptions by the remainderman to the final account of Miss Brown, the life tenant under the will, by which decree she, as executrix, was not permitted to deliver the corpus of the estate to herself as life tenant, unless she secured the remainderman the delivery of the property at the termination of her estate, or in default of bond then the balance of the estate was to be delivered over to a trustee selected by the court.

After the case was submitted to us, we are advised by her counsel that she has died, and a written motion to abate the direct appeal and dismiss it, in which appellee joins and asks for a revivor of the cause on cross-appeal, is sustained.

There remains a cross-appeal prosecuted by the remainderman in which it is assigned as error that part of the decree which allowed the executrix to pay herself seven hundred fifty dollars as a solicitor's fee for services rendered by her solicitors in the course of the administration. The final account was approved, and this is the sole question presented.

In connection with the cross-appeal, it is further urged

that the evidence of two members of the bar who gave their opinions as to a reasonable solicitor's fee to be allowed her should be disregarded, contending that these witnesses did not base their evidence upon proper considerations.

Section 1734, Code 1930, permits the chancery court to allow an executor, administrator, or guardian to have credit on annual and final accounts for such reasonable sums as he may have paid for the services of an attorney in the management or in behalf of the estate if the court be of the opinion that the services were proper and rendered in good faith.

In the case at bar, the executrix had not paid or asked credit for any sum for her attorney, but requested the court to fix the fee and allow it to be paid. This course was proper, and the court fixed the fee at seven hundred fifty dollars, which is now alleged by cross-appellant to be excessive.

The evidence of the attorneys as to their opinion as to the amount of fees which in their judgment was proper for the court to allow and the facts upon which the opinions were based, as well as all other collateral matters, may be put out of view and not passed on by us.

These opinions were at the most advisory and not binding upon the court. As analogous, see Humphreys Co. v. Cashin, 128 Miss. 236, 90 So. 888. The chancery court may act upon its own knowledge.

The statute vests in the sound discretion of the court in which the administration is pending the duty to fix the fees of the attorney if it is of the opinion that the service was necessary and had been rendered in good faith. This is as it should be; the judge of the court has the whole matter under his control and within the range of his vision. He, more than any other, is acquainted with the necessity of the services so rendered; he knows the

quality and amount thereof; and is better qualified by experience and training to determine this delicate question.

The estate in this case amounted to twenty-nine thousand one hundred four dollars and ninety-five cents; the disbursements were nine hundred thirty-six dollars and seventy-one cents. The estate consisted of cash, bonds, and jewelry; in the main, bonds.

By the terms of the will, she had been named by the testator as executrix without giving bond or reporting to any court.

She was proceeding so to do when she was, on the demand of the cross-appellant, required to give bond and account. The statute invested the chancery court with the discretion to so decree, and the case was affirmed by this court.

The question in its final analysis presented here is: Did the lower court abuse the sound judicial discretion vested in it? The answer is that we do not so think. The lower court knew the whole situation, the manner in which the will had been probated, the preparation of the bond, the inventory, the necessary advice to the executrix in the management of the estate, the retainer probating the will, the inventory, the final account, and the resistance and preparation incident thereto. The time is not the only element to be considered—the skill, the responsibility, and the amount involved are all elements that the court will take into consideration in the fixation of attorney's fees to be allowed in the course of an administration of an estate.

If the court should attach undue importance to the time element, there might be inducement to delay settlements, to raise unnecessary questions, to take precautionary orders, and thus present a formidable record, and the attorney thereby assure himself of compensation. Services skillfully, promptly, and efficiently rendered should be recognized, and thus bring about a speedy distribution

to the owner. Termination of estate matters, not prolongation, is a consummation devoutly desired. Unless it clearly appears to us that there has been an abuse of the judicial discretion vested in the chancery court in the matter of allowing fees under the statute here involved, we will not reverse his action.

The fee allowed here is not unreasonable, and is approved, eliminating the services rendered to Miss Brown in the prior ligitation upon which we express no opinion.

The order in this case will be entered, dismissing the direct appeal, reviving the cause, and affirming the case on cross-appeal.

Direct appeal dismissed; affirmed on cross-appeal.