## KING *v.* WADE.

(Division A.   Feb. 17, 1936.   Suggestion of Error Overruled Mar. 16, 1936.)

[166 So. 327.   No. 31774.]

L. G. Fant, Sr. and Jr., of Holly Springs, for appellant.

**Smith & Smith,** of Holly Springs, for appellee.

Argued orally by **L. G. Fant, Jr.**, for appellant.

**Cook, J.**, delivered the opinion of the court.

H. W. King died testate in the early part of the year 1930, and his will, which named his son, Kit King, as executor, was duly admitted to probate. After the executor had qualified and published notice to creditors of the estate to file their claims, a contest of the will was instituted, and, upon the motion of the contestants,

the executor was relieved of his duties, and the appellee, John T. Wade, chancery clerk of Marshall county, Miss., was appointed as temporary administrator to take charge of, preserve, and administer the estate, and he was required to execute a bond in the penalty of thirty thousand dollars. The decree appointing the temporary administrator and directing the issuance of letters of temporary administration authorized, empowered, and directed him to administer and preserve the said estate and all the goods, chattels, and credits thereof, to ask, levy, recover, and receive the same, and to pay the debts for which the testator was bound so far as his effects would extend, according to their right and the law, to make and return into court all necessary inventories, to make, when required, an account of his acts and proceedings, and in all things to assert the rights and perform the duties of the trust according to law. The temporary administrator qualified on May 31, 1930, and continued in the active discharge of the duties imposed thereby during the pendency of the contest of the will, which was concluded on November 17, 1932, by a consent decree admitting the will to probate and relieving the temporary administrator of further duties and requiring him to render an account of his actions and to deliver the estate to Kit King as executor of the will. On December 20, 1932, the temporary administrator filed his final account, and on January 5, 1933, he filed a supplement thereto. On December 21, 1932, Kit King qualified as executor.

On January 11, 1933, the executor filed exceptions to many items of disbursement shown on the final account of the temporary administrator, and after a full hearing of evidence bearing upon the issues presented thereby, the court entered a decree sustaining some of these exceptions but overruling many others, including exceptions to the allowance of compensation and attorney's fees to the temporary administrator, and an item of one hundred twenty dollars premium on a bond executed by

the temporary administrator to himself as administrator of the estate in the state of Tennessee, and taxing the bulk of the costs of the proceedings upon these exceptions against the estate. From this decree the executor appealed, but in his argument he has challenged only the allowance of compensation and attorney's fees to the temporary administrator, the allowance of the one hundred twenty dollars bond premium, and the taxation of the greater part of the costs against the estate.

The estate was inventoried by the temporary administrator at thirty-five thousand two hundred ninety-one dollars and thirty-four cents, and his first annual account filed October 23, 1931, showed disbursements of four thousand seventy dollars and forty-four cents, which included partial attorney's fees of six hundred dollars. The inventory showed a time deposit of eleven thousand two hundred seventy-three dollars and fifty-one cents in a bank in Tennessee. The temporary administrator was first authorized by the court to accept from this bank a bond to secure the prompt payment of this deposit, but, upon the failure or refusal of the Tennessee bank to execute this bond, he filed a petition praying for authority to institute an ancillary administration in the proper court of the state of Tennessee for the purpose of bringing this money within the jurisdiction of the chancery court of Marshall county, Miss. Upon this petition the chancellor entered a decree authorizing and directing the temporary administrator to institute ancillary administration proceedings in the state of Tennessee to have himself appointed as administrator of the estate in that state, and to do all things required of him to bring such administration to a conclusion and to place the said money within the jurisdiction of the chancery court of Marshall county. Thereupon administration proceedings were instituted in Tennessee, by attorneys employed in that state, and J. T. Wade was appointed as administrator of the estate in that state.

Thereafter the appellee filed a petition alleging that

under the laws of the state of Tennessee the administration in that state could not be concluded in due course until after the lapse of two years, and that, in order to secure earlier release of said funds from the jurisdiction of the probate court of Shelby county, Tenn., it was necessary for the temporary administrator in Mississippi to give an indemnity bond to himself as administrator in Tennessee, guaranteeing and indemnifying such administrator against loss because of the removal of the Tennessee assets into Mississippi and discharge of the administrator in Tennessee earlier than the statutory period. Upon this petition the court entered a decree finding that the best interest of the estate would be served by closing the administration in Tennessee as early as possible, and authorizing and directing the temporary administrator to execute the said bond, and to expend not exceeding one hundred twenty dollars of the funds of said estate in the payment of the premium therefor. The money on deposit in Tennessee was paid to the temporary administrator upon the execution of the bond authorized by this decree, and the premium of one hundred twenty dollars paid for this bond is one of the items challenged on this appeal. The Tennessee court allowed the administrator one hundred dollars as compensation for his services and also three hundred fifty dollars for attorney's fees necessarily incurred in the Tennessee administration.

In his challenge of the amount of compensation and fees allowed the temporary administrator, the argument of appellant seems to proceed throughout on the theory that during the temporary administration the appellee and his attorneys managed and administered the estate as though the temporary administrator was clothed with the full powers of a general administrator, and that his compensation and fees were fixed on that basis, while such compensation and fees should have been allowed for the performance of the more limited duties authorized by statute.

Section 1624, Code 1930, provides that "Whenever it shall be necessary for the care and preservation of the estate of a decedent before the grant of letters testamentary or of administration to the person entitled thereto, . . . or whenever a last will and testament shall be contested, or its probate intercepted or unreasonably delayed, the chancery court, or clerk, may, and on petition of any creditor or other person interested shall, appoint a suitable person, to be known and designated as 'temporary administrator,' to take charge of, preserve and administer the estate until the person entitled to letters testamentary or of administration shall be appointed.''

Section 1626, Code 1930, provides, among other things, that "the temporary administrator shall have power, and it shall be his duty, to collect the goods, chattels, personal property and debts of the decedent and to give acquittances for debts and liabilities upon payment; and he may sue and be sued in all cases in which a general or regular administrator may sue or be sued. . . .

After twelve months from the time the temporary administrator was appointed, the court or chancellor in vacation may order the temporary administrator to pay the claims of creditors and to make distribution of the estate among those entitled thereto, according to law, unless there be a last will and testament contested or unprobated, in which event the court, or chancellor in vacation, may order the temporary administrator to pay the claims of creditors, and to hold the balance of the estate to await the ultimate probate or defeat of such last will and testament. In case the court, or chancellor in vacation, shall order the temporary administrator to pay creditors and make distribution, or to do either, he shall have all the powers and rights over the estate, real and personal, for the purpose, that are conferred by law upon general or regular administrators, and all laws governing the acts and duties of a general or regu-

lar administrator shall then apply to and govern the temporary administrator.''

Section 1627, Code 1930, authorizes the court, or chancellor in vacation, to allow the temporary administrator such compensation as may be just, not to exceed five per centum on the amount of the estate inventoried by him, while section 1734, Code 1930, provides that ''in annual and final settlements, the executor, administrator or guardian shall be entitled to credit for such reasonable sums as he may have paid for the services of an attorney in the management or in behalf of the estate if the court be of the opinion that the services were proper and rendered in good faith.'' Section 1749, Code 1930, reads as follows: ''The word administrator in this chapter shall embrace a temporary administrator whenever the contrary is not clearly inferable from the context.''

While there was no general order entered by the court, or the chancellor in vacation, after twelve months from the time the temporary administrator was appointed, directing him ''to pay the claims of creditors, and to hold the balance of the estate to await the ultimate probate or defeat of'' the contested will, which under the provisions of section 1626, Code 1930, would have conferred upon the temporary administrator all the powers, rights, and authority of a general or regular administrator, there was in the order appointing the temporary administrator and directing the issuance of letters of administration directions to the temporary administrator to pay debts of the deceased according to law. Furthermore, from time to time there appear to have been additional orders of the court or chancellor in vacation authorizing practically all the specific acts and expenditures of the temporary administrator except those merely incidental to the performance of the duties required by law. The services performed by the temporary administrator were all approved by the court or the chancellor in vacation, and appear to have been for the best interests of the estate being administered by him, and

we think he was entitled to compensation for, and necessary attorney's fees incurred in, the performance of these duties on the same basis as would a regular administrator for the performance of the same duties.

It is the settled rule in this state that the allowance of compensation and attorney's fees to an administrator within the limits prescribed by statute is a matter addressed to the sound discretion of the chancery court, and this court will not interfere with the exercise of that discretion except in cases of its manifest and flagrant abuse. Shurtliff v. Witherspoon, 1 Smedes & M. 613; Satterwhite v. Littlefield, 13 Smedes & M. 302; Cherry v. Jarratt, 25 Miss. 221; Spratt v. Baldwin, 33 Miss. 581; Powell v. Burrus, 35 Miss. 605; Brown v. Franklin, 166 Miss. 899, 145 So. 752. In the case at bar the allowance of compensation to the temporary administrator was less than three per cent. of the estate as inventoried, and the allowance for attorney's fees was slightly less than four per cent. thereof, and, upon this record, we are unable to say that there was an abuse of the discretion vested in the chancery court.

Appellant next challenges the allowance of credit for the premium paid for the bond executed by J. T. Wade, temporary administrator, to J. T. Wade, administrator of the estate in Shelby county, Tenn.; the contention being that the obligor and the obligee in this bond were one and the same person, and consequently the bond was void. Upon this point we think the case of Marshall v. Hamilton, 41 Miss. 229, is controlling. In that case the fact that Marshall, to whom the bond was payable as president of the board of police, and Marshall the defendant, one of the obligors in the bond, were one and the same person, was interposed as a defense, and in response thereto the court held that the validity of the bond was not thereby affected, saying: "There was nothing in the law forbidding Marshall to hold both offices. He might be the president of the board of police, and at the same time a school trustee. His official bond,

in the latter capacity, is for the benefit of the public, and it is not void because required by law to be made payable to himself in the former character. He had no personal interest as payee or obligee in the bond, but merely represented the people who were interested in the school fund of the township, and the right of action on the bond passed to his successor, when Marshall went out of office.''

In the case at bar there was no legal reason why Wade could not represent the estate as temporary administrator and also as administrator in an ancillary proceeding in a foreign jurisdiction. The particular bond was executed by direction of the chancery court of Marshall county by Wade, as an officer of the court to himself in an official and representative capacity as an officer of the court of another jurisdiction, and as the obligee of the bond he had no such personal interest therein as would render the bond invalid. Consequently we are of the opinion that the court committed no error in allowing credit for the premium thereon.

Under section 672, Code 1930, the chancery court has the power to apportion costs as may appear equitable, and in this case the court committed no reversible error in taxing costs against the temporary administrator in the ratio which the total amount of sustained exceptions bore to the total filed, and the balance against the estate. The decree of the court below will therefore be affirmed.

Affirmed.