BRYAN *v.* QUINN

No. 40678          April 21, 1958          102   So. 2d 124

*Kellner & Kellner,* Greenville, for appellant.

*J. Robertshaw,* Greenville, for appellee.

ARRINGTON, J.

This is an appeal from a final decree of the Chancery Court of Washington County in the matter of the estate of Q. N. Quinn, deceased.

Q. N. Quinn died testate on April 5, 1955, leaving an estate of the approximate value of $139,000. The beneficiaries of this estate are his widow, Edyth Yost Quinn, appellee, and their two minor children, and Mrs. Thurza Burnita Quinn Bryan, a daughter of testator by a former marriage, appellant. One-fourth of the estate was left to his widow; one-half to his widow in trust for the use and benefit of the minor children; and one-fourth to his adult daughter, the appellant. The widow was named executrix of the estate without bond.

The first assignment of error argued is that the widow's allowance of $6,000 is excessive, and, second, that the executrix's fee of $5,000 is excessive. The appraisers of the estate allowed the widow $10,000 for one year's support. This was confirmed by the chancellor but on objection being made by appellant, the chancellor reduced this amount to $6,000. The rule is well settled in this State that the widow's allowance for one year's support is within the sound discretion of the chancellor. Whitehead v. Kirk, 106 Miss. 706, 64 So. 658. In the case of Moseley v. Harper, 202 Miss. 442, 32 So. 2d 192, the Court said:

"Section 561, Miss. Code 1942, authorizes and directs the appraisers to allow the widow a sufficient amount for her comfortable support for one year. Such allowance by the appraisers is advisory to, but not binding upon, the Chancellor. Gilmer v. Gilmer, 151 Miss. 23, 117 So. 371; Prentiss v. Turner, 170 Miss. 496, 155 So. 214. The Chancellor, in determining the amount, should exercise a sound, judicial discretion, taking into consideration the value of the estate, the rights of others having an interest therein, the manner of living to which the widow, during the life of her husband, had been ac-

customed, her station in life and the demands which such station imposed upon her.''

We have carefully examined the record in this case and do not find that the widow's allowance is excessive.

■■■ The rule is likewise well settled as to the executrix's fee. In King v. Wade, 175 Miss. 72, 166 So. 327, it was held that this Court will not interfere with the chancery court's exercise of discretion in regard to the allowance of compensation for administrator's fees within the limits prescribed by the statute, Section 642, Miss. Code of 1942, except in cases of its manifest and flagrant abuse. ■■■ The appellant contends that the allowance of the fee in this case of $5,000 was a manifest and flagrant abuse of discretion by the chancellor. We do not agree with this contention. Ralston v. Bank of Clarksdale, 188 Miss. 345, 194 So. 923.

The appellee filed a cross-appeal in which she contends that the court erred in not allowing the executrix a fee of $6,500. We find this assignment to be without merit.

The motions of the appellee to dismiss the appeal and the motion for the allowance of supplemental solicitor's fee are overruled.

Affirmed on direct and cross-appeal.

*McGehee, C. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.