IN THE MATTER OF THE WILL AND ESTATE OF
SAM MARSHALL, DECEASED
MARSHALL, et al. *v.* MARSHALL

No. 42219 March 12, 1962 138 So. 2d 482

*Joe G. Moss,* Raymond; *George W. Haynes,* Utica, for appellants.

*Earl R. Cruthirds,* Jackson, for appellee and cross-appellant.

JONES, J.

One Sam Marshall died testate leaving his property to one Bessie Marshall, whom he described as his wife, for her lifetime and remainder to a daughter, Josie Griffin. The will was admitted to probate and the appellee, Annie Marshall, filed a petition seeking to be declared the widow of Sam Marshall and as such widow to be entitled to one-half of the estate plus widow's allowance and the widow's rights in the homestead. The petition alleged that Annie and Sam were married December 22, 1906, and that there had been no divorce terminating said marriage. The answer filed by respondents, appellants here, admitted that Annie Marshall was married to Sam Marshall on December 22, 1906, but appellants "neither admit nor deny that there had been no divorce terminating said marriage." The appellants plead as an affirmative defense that Annie, since she left the home of Sam Marshall about the year 1931, had lived with several different men and was therefore estopped by her conduct from claiming any rights, if any, she might have had in the estate of Sam Marshall.

A hearing was had and the chancellor entered a decree awarding to Annie one-half of the estate but denying widow's allowance on the ground that she was not being supported by decedent at the time of his death. He said nothing specifically about the homestead rights but limited her recovery in the decree to one-half of the estate.

Bessie Marshall and the daughter assign as error the fact that the court permitted Annie Marshall to testify. The other assignments relate to the finding of the chancellor.

Annie Marshall cross-appeals and assigns as error the finding of the chancellor that Annie Marshall was not dependent on Sam Marshall at the time of his death and in denying her the widow's allowance, and also in not ordering that the homestead be set aside to her for her use during her lifetime.

██ █ The claim of Annie Marshall arose from her marriage and the plea of estoppel involved matters occurring prior to the death of Sam Marshall. Clearly Annie Marshall was an incompetent witness under Section 1690, Code of 1942. ██ █ However, for the reasons hereinafter shown, the admission of her evidence was harmless. There were two issues involved, towit: (1) Her marriage and (2) the question of estoppel. ██ █ As to the marriage the answer to her petition admitted that she, Annie, was married to Sam and neither admitted nor denied that there had been a divorce. This was an admission that there had been no divorce. Griffith's Mississippi Chancery Practice, 2d Ed., Sec. 350-354; Section 1291, Code of 1942.

██ █ Appellant insists that the presumption as to validity of the second marriage prevails. To do so in this case would mean that such presumption was conclusive. This is not the law and the presumption yields to the proof. Vaughan, et al. v. Vaughan, 195 Miss. 463, 16 So. 2d 23. The chancellor was correct in holding that Annie Marshall and Sam Marshall were married in 1906 and never divorced, this being as aforesaid admitted by the pleadings and it being shown that Bessie and Sam were not married until 1934.

██ █ Insofar as the question of estoppel is concerned, the burden of proving estoppel was upon the respondents who had pled it. We have carefully studied

the evidence tendered by the respondents on this issue. In 31 C.J.S., p. 457, it is said: "Every fact essential to an estoppel must be clearly and satisfactorialy proved by a preponderance of the evidence. Where the evidence is evenly balanced, the burden of proof (see supra Sec. 160) is not sustained.

"Estoppels cannot be based on mere conjecture; and facts alleged to constitute them will not be taken by argument, inference, or intendment."

The cases where this Court has sustained the plea of estoppel against a wife or husband in a case such as this have been cases where there was a wilful abandonment and desertion and a second and bigamous marriage. There was no clear and satisfactory proof here that Annie abandoned and deserted Sam Marshall. Rather it was indicated that she had left home by reason of the misconduct of Sam and Bessie. The chancellor was correct in holding that the plea of estoppel by respondents, eliminating and not considering the testimony of Annie herself, was not supported by the testimony. For this reason the admission of the evidence of Annie Marshall herself was harmless. In other words, the fact that Annie had married Sam and had never been divorced was admitted by the pleadings and was further admitted by Bessie Marshall when she was called as an adverse witness. And the testimony offered by respondents to show an estoppel against Annie Marshall was insufficient itself, even without considering the testimony of Annie, to sustain the plea of estoppel.

Our Court has stated that generally wilful desertion or abandonment is held to estop a spouse from inheriting from the other. Walker v. Matthews, et al., 191 Miss. 489, 3 So. 2d 820. It has been held numerous times that a bigamous marriage will estop one from inheriting from his or her spouse. Harrison v. G. & K. Investment Co., 238 Miss. 760, 115 So. 2d 918. Evidence in this case failed to show either of these grounds for estoppel.

There was some evidence from which a person by conjecture or inference may have considered that Annie was guilty of occasional acts of adultery but there was no clear and satisfactory proof of such acts. 31 C. J. S. 457. Further, it has been stated: "It is generally held that adultery on the part of either spouse is not a bar to taking a distributive share in the estate of the deceased spouse." 71 A. L. R. 282. See also 26A C. J. S. 640.

We do not deem it necessary however to pass upon this particular question at this time.

 █ Section 561, Code of 1942, relative to the widow's allowance provides that such allowance shall be set aside to the widow and children who were supported by the decedent. This statute would place upon Annie Marshall the burden of establishing her claim to a year's support, of showing either that she was being supported by Sam Marshall at the time of his death or that she was away from him without fault on her part. Vaughan v. Vaughan, supra. █ We cannot say that the chancellor's finding as to the widow's allowance is manifestly wrong and for the same reason we could not hold that he was manifestly wrong in not having the homestead set aside to the widow.

We think substantial justice was done by the chancellor and the case is affirmed on direct and cross appeals.

Affirmed on direct and cross appeals.

*Kyle, Gillespie, McElroy* and *Rodgers, JJ.,* concur.