BOWLING, Justice,
for the Court:
This appeal from the Chancery Court of Hancock County involves the interpretation of Section 91-5-27, Mississippi Code Annotated (1972). Appellant Narvel Tillman was the husband of Ada Broadnex Tillman, deceased; they having been married in April 1948. Mrs. Tillman died testate on November 29, 1977, and her will which was executed on July 8, 1960, was probated. The will devised and bequeathed all of her property in specific items to three different persons. The deceased’s husband was not mentioned in the will. He filed his petition to be recognized as an heir and declared owner of one-half of his wife’s real and personal property pursuant to said statute, which reads as follows:
If the will of the husband or wife shall not make any provision for the other, the survivor of them shall have the right to share in the estate of the deceased husband or wife, as in the case of unsatisfactory provision in the will of the husband or wife for the other of them. In such a case a renunciation of the will shall not be necessary, but the rights of the surviv- or shall be as if the will had contained a provision that was unsatisfactory and it had been renounced.
Several witnesses testified at the hearing on appellant’s petition and it appears clear from this testimony that appellant and his wife parted company from fifteen to twenty years prior to the wife’ death in 1977. The only certainty appears to be that the appellant moved his abode to an adjoining county. None of the witnesses had any positive knowledge as to the reason for the separation of the parties or any other really relevant fact other than he left. Although *881 living apart all those years, neither party secured a divorce and were still man and wife at the time of the wife’s death. There was no evidence of any attempted remarriage or disclaimer of the marriage by either party during the years of separation. There was no evidence that either party attempted to secure a divorce. The only thing we find that appellant did after moving to the adjoining county was to haul pulpwood and drink whiskey. There was an indication that during all the years of separation the deceased received regular government checks from some type of benefits as a result of her marriage to appellant. There was no positive proof on this question one way or the other.
After hearing the extremely indefinite and doubtful evidence presented by the witnesses, the chancellor decreed that appellant was prohibited from being recognized as an heir of his wife under the above quoted statute on the grounds that “he had deserted the deceased and totally abandoned her as to support.”
We first need to reiterate the former opinions of this Court to the effect that under Section 91-5-27 the surviving spouse, where no provision is made for him or her in the will of the deceased, is entitled to either a child’s share or if no children, one-half of the deceased spouse’s estate, the same as if “the will had contained a provision that was unsatisfactory and it had been renounced.” We made this plain in the case of Bullock v. Harper, 239 So.2d 925 (Miss.1970). We reiterated this positive principle in the case of McBride v. Haynes, 247 So.2d 129 (Miss.1971). Again, we stated:
We are of the opinion that Section 669 [§ 91-5-27] specifically relieves the surviving spouse from taking any affirmative action and the law automatically renounces the will.
The learned chancellor recognized the above principle and therefore correctly found that appellant was entitled to one-half of the real and personal property owned by his wife at the time of her death. The lower court, however, found that appellant was estopped from claiming his one-half share on the ground that he had deserted his wife.
It is probable that the lower court was misled by the statements of this Court in Walker v. Matthews, 191 Miss. 489, 3 So.2d 820 (1941), and In Re Marshall’s Will, 243 Miss. 472, 138 So.2d 482 (1962), where there appears a sentence indicating that “desertion or abandonment is held to estop a spouse from inheriting from the other.” This point needs clarifying.
In Walker, supra, it mentions that the “desertion or abandonment theory” was a “majority rule.” Research reveals that this majority constituted seven states, all of which have statutes clarifying this issue where abandonment is shown. Our Legislature has not seen fit to enact any legislation on this abandonment question. It is, therefore, obvious that the statute has to be strictly construed unless there is a clear desertion and abandonment that sets up the estoppel. In Walker, the surviving wife had engaged in a marriage ceremony with another man, and her deceased husband also had married another. There was a clear abandonment of the marriage relationship.
In Rowell v. Rowell, 251 Miss. 472, 170 So.2d 267 (1964), the Court held even an adulterous affair did not amount to desertion “in the absence of a statute or showing of a bigamous marriage.”
In Baugh v. Brimage, 242 Miss. 459, 135 So.2d 701 (1961), a surviving husband was held estopped to inherit from his deceased wife’s estate when he had entered into a bigamous marriage and was living with still another woman with whom he had several children.
In Re Marshall’s Estate, supra, the surviving wife lived with various men after leaving her husband. Furthermore, the husband, prior to his death, had married another woman. The abandonment of the marriage relationship was clear.
In Walker, supra, Justice Roberds, in writing for the Court humorously set out the situation when he said:
*882 We will try to weave into the warp of this life of this Lothario the woof of his nuptial and concubinage experiences in an effort to picture the fabric of his earthly existence. He appears to have about lived to the limit of his physical and mental powers. He was a fireman on a railroad, and, like the sailor with a sweetheart in every port, it was his desire to have one at each depot along his route. As he neared the end of life’s run, we find him returning to the old home, and, as his engine was pulling into the terminal and its fires were burning low, sitting on his front porch, murmuring over and trying to read his Bible. That night the fires went out.
The lower court in the present case recognized the difficulty in holding estoppel in the case sub judice, when he said in the decree: “That even though the separation was proved, a total abandonment of the deceased was left in doubt. ...” A thorough review of the record reveals that not only was an abandonment uncertain, but there just was not any substantial evidence to show a desertion or abandonment as required in the above quoted cases. There was, at most, just a separation proven. As stated, there was no marriage or divorce proceedings by either party, and their place of living alone was in adjoining counties. The statute in question cannot have any meaning if the surviving spouse is disinherited under the clear language of the statute solely because of a long separation.
We are forced to hold the learned chancellor was manifestly in error and the cause should be reversed and a decree rendered here granting appellant an undivided one-half interest in the real and personal property owned by the deceased wife, Ada Broad-nex Tillman, at the time of her death. He of course, owns each particular item of property as a tenant in common with each person to whom a devise or bequest was made.
The decree of this court pursuant to this opinion shall be placed in the records of the administration of the deceased, Mrs. Ada Broadnex Tillman, pending in the Chancery Court of Hancock County, Mississippi, and in the land records in the Office of the Chancery Clerk of said county.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER and BROOM, JJ., concur.
LEE and HAWKINS, JJ., took no part.