MAXWELL, J.,
for the Court:
¶ 1. The Mississippi Legislature has conferred upon widows and widowers a statutory allowance of one year’s support for maintenance of the surviving spouse and children. But to receive this so called “widow’s allowance,” the surviving spouse must show he or she was supported by the decedent. Here, Sarah Young Estes (Young) was widowed when her husband, Joe Howard Estes (Estes), to whom she had only been married for nine months, died without providing for Young in his will. Young — who was seeking a divorce from Estes at the time of his death and had been living apart from Estes since his health began sharply declining soon after they married — sought a statutory allowance. Because Young failed to show she was being supported by Estes, we find the chancellor erred by awarding her a $12,000 widow’s allowance. Thus, we reverse and render this award.
¶ 2. Because we find the chancellor erroneously applied the law regarding a widow’s right to take a child’s share of the *1225 estate, we also reverse the chancellor’s award to Young of one-fifth of Estes’s estate, or $68,927.63. When a widow has clearly deserted or abandoned the marriage, she is estopped from claiming a statutory right to an inheritance. And while the chancellor heard evidence of Young’s abandonment, he made no finding concerning estoppel. We therefore remand for a determination of whether Young clearly deserted or abandoned the marriage and, thus, was estopped from claiming a statutory right to an inheritance.
Background
¶ 3. Estes married Young on August 3, 2006. Shortly after they married, Estes suffered multiple health complications, requiring an amputation of one leg and surgery to clear a blocked artery. In late 2006, Young permanently moved from Estes’s residence back into her own home. She filed for divorce from Estes a few months later.
¶ 4. While the divorce was still pending, Estes died testate on May 18, 2007, leaving Young and four children, who were not born of the marriage between Estes and Young. Estes’s will named as co-executors his two sons, Greg Estes and Jeff Estes, who immediately probated Estes’s will in the Lee County Chancery Court. Because the will contained no provision for Young, she renounced it and filed a petition to appoint appraisers and for one year’s support.[1]
¶ 5. Four years of contentious probate ensued. During this protracted fight, the co-executors challenged both the appraisal of Estes’s estate and Young’s separate property, as well as Young’s right to a statutory widow’s allowance and child’s share of the estate. At a April 26, 2011 hearing, the co-executors put on lengthy testimony of Young’s abandonment and mistreatment of Estes. The co-executors argued Young’s desertion and dereliction of her marital duties should result in her having no interest in their father’s estate. As they saw it, Young’s acts were akin to those of the wife in Byars v. Gholson, 147 Miss. 460, 465, 112 So. 578, 578-79 (1927), in which the Mississippi Supreme Court held that a voluntarily estranged wife was not entitled to a widow’s allowance. Having considered the evidence of desertion in determining whether Young should receive a widow’s allowance under Mississippi Code Annotated sections 91-7-135 and 91-7-141 (Rev.2004), the chancellor ordered Estes’s estate to pay Young an allowance of $12,000.
¶ 6. But the chancellor did not consider evidence of Young’s abandonment of the marriage when ordering that Young was entitled to one-fifth of the estate under Mississippi Code Annotated section 91-5-27 (Rev.2004). Though acknowledging the co-executors’ argument — that because of Young’s actions, she was not entitled to inherit — had factual support, the chancellor held it lacked legal support. According to the chancellor, “like it or not,” Young had an “automatic” right to inherit under the statute, without any legal exception.
¶ 7. Subtracting the $12,000 widow’s allowance from the estate, the chancellor then calculated Young’s one-fifth portion to be $68,927.63.[2] With the allowance, Young was to receive a total of $80,927.63.
*1226 ¶ 8. The chancellor later entered a final judgment resolving the remaining disputed issues.[3] The co-executors timely appealed, arguing the chancellor improperly awarded Young a widow’s share’ despite her abandonment of the marriage and improperly valued both Estes’s and Young’s estates when awarding Young a one-fifth share of Estes’s estate. Because we find the chancellor abused his discretion and applied an erroneous legal standard when considering the evidence of Young’s abandonment of the marriage and its effect on her statutory rights as Estes’s widow, we need not reach the valuation issue.
Discussion
¶ 9. The chancellor made two findings regarding Young’s statutory rights as Estes’s widow—(1) that she was entitled to $12,000 as a widow’s allowance for one year’s support and (2) that she had an automatic right to one-fifth of the estate. We will not disturb a chancellor’s findings “when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous[,] or [applied] an erroneous legal standard[.]” Sanderson v. Sanderson, 824 So.2d 623, 625-26 (¶ 8) (Miss.2002) (quoting Kilpatrick v. Kilpatrick, 732 So.2d 876, 880 (¶ 13) (Miss.1999)).
I. Widow’s Allowance
¶ 10. A widow or widower who was , dependent on the surviving spouse is statutorily entitled to a year’s allowance for his or her maintenance and that of the children, if any. Section 91-7-135 imposes a duty on “the appraisers [of an estate] to set apart out of the effects of the decedent, for the spouse and children who were being supported by the decedent, or for the spouse if there be no such children, or for such children if there be no spouse, one (1) year’s provision[.]” Miss.Code Ann. § 91-7-135. This provision may take the form of money “necessary for the comfortable support of the spouse and children, or spouse or children, as the case may be, for one (1) year.” Id.
¶ 11. Under section 91-7-141, the chancery court has discretion to “apportion the one year’s allowance, or any part of it, according to the situation, rights, and interests of any of the children or the widow, and may direct the payment of any portion of the allowance which may be found necessary or proper to any of them.” Miss. Code. Ann. § 91-7-141; see also Bryan v. Quinn, 233 Miss. 366, 368, 102 So.2d 124, 125 (1958) (citations omitted) (“The rule is well settled in this State that the widow’s allowance for one year’s support is within the sound discretion of the chancellor.”).[4]
¶ 12. While the chancellor relied on this statutory authority to award Young a $12,000 widow’s allowance, Young was not “being supported by the decedent” and, thus, not in need of provision from Estes’s estate to make her comfortable. See Miss. Code Ann. § 91-7-135. So we find the award an abuse of discretion.
¶ 13. Our supreme court has clarified that the statute “relative to the widow’s allowance provides that such allowance shall be set aside to the widow and children who were supported by the decedent.” In re Marshall’s Will, 243 Miss. *1227 472, 479, 138 So.2d 482, 484 (1962) (emphasis added). The statute places on the widow “the burden of establishing her claim to a year’s support, [by] showing either that she was being supported by [her husband] at the time of his death or that she was away from him without fault on her part.” Id. Here, Young clearly failed to meet this burden.
¶ 14. It is undisputed that Young left Estes’s home by her own volition after his leg was amputated. And she was living in her own home at the time Estes died. In Byars, the Mississippi Supreme Court held that a widow who had been living apart from her husband, without his fault, and who was not supported by him, was not entitled to one year’s support from his estate. Byars, 147 Miss. at 465, 112 So. at 578. We find the same is true here.
¶ 15. Because we find the widow’s allowance was not supported by substantial evidence of Young’s financial dependence on Estes at the time he died, the chancellor abused his discretion in awarding Young one-year’s support. We reverse the award of a $12,000 widow’s allowance and render judgment against Young’s claim to one-year’s support.
II. Child’s Share of the Estate
¶ 16. The statutory right of a spouse to inherit when not provided for in the deceased spouse’s will does not arise when there is clear desertion and abandonment. Yet the chancellor incorrectly believed it was automatic. So he reasoned he was bound to award Young one-fifth of the estate regardless of whether she had deserted or abandoned the marriage. Since this was a misapplication of law, we reverse the award of $68,927.68 and remand to determine whether Young’s actions met the clear-abandonment standard and estopped her from inheriting from Estes’s estate.[5]
¶ 17. Mississippi Code Annotated section 91-5-25 (Rev.2004) allows a widow whose deceased husband “does not make satisfactory provision” for her in his will to renounce the unsatisfactory provision and elect to take the a child’s share of the estate. See also Bolton v. Barnett, 131 Miss. 802, 827, 95 So. 721, 726 (1923) (holding second husband not provided for in his deceased wife’s will was entitled to inherit a child’s share of his wife’s real property). Under section 91-5-27, when the husband’s will makes no provision at all for his widow, no renunciation is required — it will be assumed that the widow has elected to take her share of the estate. Miss.Code Ann. § 91-5-27. Thus, the chancellor was correct in one sense that the right to inherit under 91-5-27 is “automatic” because, in contrast to the right under section 91-5-25, no act of renunciation or election of a child’s share is required.
¶ 18. But the chancellor was incorrect that this automatic right to inherit, as if the deceased husband died without a will, arises in every situation without exception. The record shows the chancellor believed *1228 his hands were tied regarding Young’s renunciation of Estes’s will and right to inherit one-fifth of the estate. Although acknowledging the evidence supporting Young’s abandonment of the marriage, the chancellor nonetheless awarded her a child’s portion of the estate because he was not aware “of any case law at all that would reflect ... that [Young] somehow would not be entitled to a child’s portion[.]”
¶ 19. But there is Mississippi precedent of this nature. Our supreme court has previously acknowledged the operation of estoppel when a spouse trying to take a child’s share of the estate has deserted or abandoned the marriage. In re Marshall’s Will, 243 Miss, at 478, 138 So.2d at 484; Walker v. Matthews, 191 Miss. 489, 511-12, 3 So.2d 820, 826 (1941); Williams v. Johnston, 148 Miss. 634, 636-37,114 So. 733, 733-34 (1927). In Tillman v. Williams, 403 So.2d 880, 881 (Miss.1981), the supreme court clarified what was required for estoppel: “Our Legislature has not seen fit to enact any legislation on this abandonment question. It is, therefore, obvious that the statute has to be strictly construed unless there is a clear desertion and abandonment that sets up the estop-pel.”
¶ 20. While he acknowledged evidence showing Young’s desertion or abandonment of the marriage, the chancellor did not make a finding of clear desertion or abandonment. This was because he mistakenly believed such an estoppel-type finding would have no legal effect on Young’s right to inherit. Since the award of a child’s share of the estate was based on an erroneous application of the law, we reverse the award to Young of one-fifth of the estate and remand for a determination of whether Young’s action met the dear-abandonment standard of Tillman, thus estopping her from inheriting from the Estes’s estate.[6]
¶ 21. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS REVERSED, RENDERED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. RUSSELL, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J.

. She also filed a petition for exclusive possession of the marital home, homestead property, and exempt property.

. In his original June 22, 2011 order, the chancellor had calculated Young’s share of the estate without taking out the widow’s allowance, giving her $70,427.63. After the co-executors filed for reconsideration under Mississippi Rule of Civil Procedure 59, the chancellor corrected this figure by order dated August 31, 2011.

. In this judgment, the chancellor denied Young’s motion for exclusive possession of the marital home, homestead property, and exempt property.

. Indeed, the appraisers’ one-year allowance under section 91-7-135 "is advisory to, but not binding upon, the [c]hancellor,” in whose sound discretion falls the determination of a widow’s allowance for one year's support. Bryan, 233 Miss. at 368, 102 So.2d at 125 (quoting Moseley v. Harper, 202 Miss. 442, 444, 32 So.2d 192, 193 (1947)).

. While the co-executors did not raise as a separate issue Young’s renunciation of the will, they raised the issue of Young’s abandonment of the marriage and its effect upon Young’s rights, as well as challenged the amount of the award of one-fifth of the estate. Thus, we find the question of the will's renunciation and Young's right to inherit a child's share is before us. But even were it not, reversal based on the chancellors misapplication of the law would be warranted under plain-error review. "Plain-error review is properly utilized for 'correcting obvious instances of injustice or misapplied law.’ ” Smith v. State, 986 So.2d 290, 294 (¶ 10) (Miss.2008) (quoting City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 256, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)); see also M.R.A.P. 28(a)(3) (permitting this court to "notice a plain error not identified or distinctly specified” in the appellants’ statement of issues).

. While we agree with Judge Russell that the chancellor legally erred by rejecting the co-executors’ argument that Young was not entitled to inherit, we disagree that rendering is the proper disposition for this portion of the judgment. With the widow’s allowance, the chancellor’s finding that Young was entitled to an allowance was unsubstantiated. Young had the burden to prove she was being supported by Estes, which she failed to do, male-ing rendering the appropriate disposition. But with the child’s share of the estate, the chancellor made no finding — let alone a finding of clear abandonment, as required by Tillman — making remand proper, so that the chancellor, as the fact-finder, may determine whether Young is estopped from claiming an inheritance though sections 91-5-25 and 91-5-27.