RUSSELL, J.,
concurring in part, dissenting in part:
¶ 46. I agree with the majority that Young is not entitled to an award of a widow’s allowance and that we should reverse and render on this issue. I also agree with the majority that the chancellor erroneously applied the law in awarding the widow a child’s share of Estes’s estate and reverse its decision as to that issue. I disagree with the majority’s holding that the chancellor heard evidence but made no finding regarding Young’s abandonment, and that remand is the proper disposition for this portion of the judgment. I would find that Young is estopped from inheriting from Estes’s estate and reverse and render on this issue as well. The chancellor acknowledged that Young abandoned Estes but felt his hands were tied by the law. Therefore, I respectfully dissent.
RIGHT TO RENOUNCE WILL
¶47. It is undisputed that Mississippi law allows a widow or widower to renounce the will of a deceased spouse if she or he is left unprovided for in the will. Miss.Code Ann. § 91-5-25 (Rev.2004). A surviving spouse’s right to renounce the will of a deceased spouse is a personal right that abates at the death of the surviving spouse. Shattuck v. Estate of Tyson, 508 So.2d 1077, 1081 (Miss.1987).
¶ 48. While the right to renounce the will of a deceased spouse is provided for by statute, certain circumstances will prohibit a spouse from exercising this right. Under Mississippi law, willful desertion or abandonment of the marriage will estop a spouse from inheriting from the other spouse. In re Marshall’s Will, 243 Miss. 472, 478, 138 So.2d 482, 484 (1962). In the present case, it was established during trial that prior to Estes’s death, Young relinquished all her marital obligations and permanently moved from the marital home by her own free will. A review of the record indicates that Young and Estes were married only a couple of weeks before his leg was amputated above the knee on August 17, 2006. Young stated that she would not take care of a cripple. The evidence is undisputed that the Estes family, not Young, provided for the primary care and maintenance of Estes following his amputation and subsequent surgery in October 2006 for eighty percent blockage of his *1233 carotid artery. By the end of November, Young had left the marital home and moved back to the home she occupied pri- or to the marriage to Estes, and she did not return to the marital home until the death of Estes in May 2007. In the interim before Estes’s death, Young refused to provide basic assistance and support to Estes while she attempted to have Estes declared mentally incompetent, allegedly attempted to poison him, allegedly attempted to hit him on at least two occasions, and filed for divorce on March 7, 2007. The record is replete with overwhelming evidence that Young voluntarily abandoned and deserted her marriage to Estes. “[D]esertion or abandonment is generally held to be a bar to any right to share in the estate of the deceased spouse.” Walker v. Matthews, 191 Miss. 489, 8 So.2d 820, 826 (1941).
¶ 49. This bar includes the right of the surviving spouse to renounce or contest the will of a deceased spouse. Williams v. Johnston, 148 Miss. 634, 114 So. 733 (1927). “[W]here the willful conduct of one of the parties to [a] marriage contract is such as will estop him or her from claiming any property rights of the other, the doctrine of estoppel will apply against the offending party.” Id. at 635,114 So. at 734.
¶ 50. In Williams v. Johnston, a wife died testate, leaving her entire estate to her daughter. Id. at 634, 114 So. at 733. The husband sought to renounce the will to obtain his statutory one-half share of the wife’s estate. The court ruled that the husband was estopped from claiming a child’s share of his wife’s estate because he had deserted and lived apart from his wife for a number of years until her death. Id. The court further held that the husband’s general conduct in willfully deserting his wife estopped him from claiming a right to share in her estate. Id. The husband was barred from any right he may have had to renounce or contest the will due to his willful desertion of the marriage. Id.
¶ 51. The majority cites Tillman v. Williams, 403 So.2d 880, 881 (Miss.1981), which provides that a clear desertion and abandonment of the marriage must be shown in order for estoppel to apply. However, in Tillman, there was doubt as to whether the widower had completely abandoned the marriage, and there was no evidence alluding to the parties’ reason for separation. The couple simply separated for a number of years, but never showed any intention of obtaining a divorce. The opinion states, “None of the witnesses had any positive knowledge as to the reason for the separation of the parties or any relevant fact other than [that] he left.” Id. at 880. That is not the case here, as the record shows that after Estes encountered health problems following his leg amputation, Young refused to provide any care for him, permanently moved from the marital home in late 2006, and filed for divorce two months later. Here, the record is overflowing with evidence that Young voluntarily left Estes prior to his death with absolutely no intention of returning. Young’s abandonment of Estes is clear and definitive throughout the record. Thus there is no need for a remand to determine whether a clear desertion and abandonment took place.
¶ 52. The Mississippi Supreme Court’s reasoning in the above-cited cases applies to the present case. Prior to Estes’s death, Young stopped caring for Estes while he was ill, left the marital home, and returned to her own home. Young made it perfectly clear that she wanted nothing more to do with Estes after his leg amputation. Young completely abandoned the marriage, relinquished her marital duties, and had no intention of returning. Such willful conduct serves as a bar to Young’s *1234 right to renounce Estes’s will and her right to inherit from his estate.
¶ 53. For these reasons, I agree with the majority that the chancery court erred in awarding Young a one-fifth share of Estes’s estate. However, I would reverse and render on this issue based on the overwhelming evidence that Young abandoned Estes.
IRVING, P.J., JOINS THIS OPINION.