PARSONS *v.* BUTLER

No. 40471 April 15, 1957 94 So. 2d 320

*Frank E. Shanahan, Jr.,* Vicksburg, for appellant.

*Dabney & Dabney,* Vicksburg, for appellee.

ROBERDS, P. J.

Mary Butler departed this life intestate in December 1955. She owned a house and lot situated at 1600 Lane

Street in the City of Vicksburg, Mississippi. This is a contest over the title to that property. Pete Butler claims he is the owner as the surviving husband and only heir-at-law of Mary. Sam Parsons contends that Pete Butler, by his acts and conduct before the death of Mary, has estopped himself from asserting title to the property, and that he, Sam Parsons, has such title as the brother and next of kin and only heir-at-law of Mary. The chancellor decided in favor of Butler and Parsons appealed to this Court.

The chancellor did not deliver an opinion, but from the evidence he reasonably could have found, and we must assume he did find, the following as the facts:

Butler and Mary were legally married in 1946. From that time to the death of Mary they lived together as man and wife upon said property as their home, except for about two months before Mary's death. From 1946 to the death of Mary, Sam Parsons lived in the same house. Mary became ill, was carried to the hospital and then returned to the home. Friction developed between Pete and Sam. About two months before the death of Mary they had a fight. Sam shot Pete with a rifle and drove him from the home. Pete left because he was afraid. He rented a room at the home of a woman named Hattie Purnell. Pete was about seventy-five years of age. During the two months he, Pete, was away from the home, he often returned to see about Mary, bringing some food for her; that he left the home and did not return more often because he was afraid Sam would do him bodily harm. Butler did not attend Mary's funeral. He did not do so because of the enmity which existed between him and Parsons and because Parsons had given Mary's name for burial purposes as Mary Moore, the name of her first husband. From this it is seen there is no proof of adultery on the part of Butler and he had justifiable reasons for leaving the home. Evidence

on behalf of Parsons contradicted some of the foregoing facts, but the dispute in the testimony was a matter for decision by the chancellor.

We deem it unnecessary to try to deduce and define a rule of estoppel in such cases in Mississippi, or prescribe the circumstances which might bring it into force, for the reason that the foregoing facts would certainly not be sufficient to produce such result in this State, nor do we perceive that any state would so hold in the absence of a statute requiring it. 16 Am. Jur., page 880, Section 106; Anno. 71 A. L. R. 277; Anno. 139 A. L. R. 486; Walker v. Matthews, et al., 191 Miss. 489, 3 So. 2d 820; Minor v. Higdon, 215 Miss. 513, 61 So. 2d 350.

Affirmed.

*Hall, Holmes, Ethridge* and *Gillespie*, JJ., concur.