## BAUGH *v.* BRIMAGE

No. 42043          December 4, 1961          135 So. 2d 701

*George B. Grubbs,* Mendenhall; *Fulton Thompson,* Jackson, for appellant.

*A. K. Edwards,* Mendenhall, for appellee.

JONES, J.

This case comes from the Chancery Court of Simpson County and involves an issue as to whether appellant as the husband of the decedent, Mattie Baugh, had by his conduct estopped himself to inherit from her.

It was stipulated between the parties that the appellant and the decedent were lawfully and legally married on February 23, 1929, and that there had never been a divorce.

It was also stipulated that the appellant married one Etta Neely on March 4, 1947, at a time when he and the said Etta Neely were incapable of consummating a legal marriage by virtue of the fact they were both legally married and neither had obtained a divorce.

The record also showed that no effort had ever been made to cancel or annull the marriage between appellant and Etta. Appellant claimed that he left Mattie, his first wife, because she was having an affair with another man and that the other man ran him, appellant, away from home at the point of a gun. Anyway, he left their home in Simpson County, went to the delta, married Etta at a time when he was lawfully married to Mattie. He claims he married Etta under the impression and having heard that Mattie had divorced him; that after he married Etta he heard Mattie had not divorced him; that he then left Etta and came back to Simpson County to find out whether she, Mattie, had divorced him. He went to see Mattie and she told him she had not divorced him and would not do so. He claims to have spent the night at the home of Mattie, but the record does not disclose that he claims to have slept with her or to have resumed marital relations with her that one night. It is claimed, however, that there was a condonation by Mattie.

He testified that he went to find out about the divorce and that he told Mattie they ought to either get a divorce or go back together but that she declined to do either.

The record shows further that after this trip to see Mattie and after he left Etta he was living in adultery with another woman and had several children by her.

The chancellor held that by his conduct he was estopped to inherit from Mattie. Appellant argues that the chancellor was manifestly wrong under the proof and argues further that because the appellant and his witness, John Williams, testified that appellant spent the night at the home of Mattie there was a condonation and that the chancellor's finding was wrong for this reason. If condonation could eliminate the effect of the bigamous marriage, which we do not decide, the proof falls short of showing any condonation. Further, condonation is a conditional forgiveness and the chancellor

would have been justified in finding that the condition was violated by his living in adultery with the last woman.

Appellant relies strongly on the case of Parsons v. Butler, 230 Miss. 830, 94 So. 2d 320. This was a very different case from the one at bar. In that case the proof showed that the husband had been driven from the home of the intestate about two months before her death. But there was no evidence of adultery, marriage, or other misconduct on his part subsequent thereto. We think that case has no bearing on the instant case.

In Minor v. Higdon, 215 Miss. 513, 61 So. 2d 350, a reading thereof with reference to the party "Zelma" will show that her situation was very similar to that of the appellant here. In that case this Court said:

"The decisions of our own Court which have been cited above and in accordance with which this case has been decided show that our own Court has adopted the principle that a wife or a husband who has contracted a bigamous marriage with another person during the lifetime of the spouse in whose estate a right to inherit is asserted is barred from asserting such right. And the principle laid down in those cases has been incorporated in the Mississippi Workmen's Compensation Act by Chapter 412, Laws of 1950, wherein it was expressly provided that: 'The term "widow" or "widower" as contemplated in this act shall not apply to any person who has since his or her separation from decedent entered into a ceremonial marriage or lived in open adultery with another.' . . . . .

"The appellee's attorneys in their brief also seek to prevent the application here of the rule laid down in the Walker case, supra (191 Miss. 489, 3 So. 2d 823), by pointing out that in the Walker case the Court found that 'Mattie left George', and that Mattie had two children by the second husband and was living with him at the time of the trial; whereas, in this case, Zelma testi-

fied that Will deserted her before she married Clarence, and she and Clarence separated 26 years before Will's death. But we cannot see that the factual differences mentioned above have any decisive bearing on the legal question presented for our decision in this case. If Mattie by contracting a bigamous marriage with a second husband had forfeited her right to claim as George's heir, the forfeiture would not have been any less effective if no children had been born to her by her second husband, or if she and her second husband had separated during George's lifetime. The bar which the law imposed against Mattie's claim of heirship to George's estate was based upon Mattie's misconduct in entering into a bigamous marriage with another man without obtaining a divorce from George.''

And in Harrison, et al. v. G. & K. Investment Co., 238 Miss. 760, 115 So. 2d 918, this Court said:

''It would unduly prolong this opinion to discuss the factual situation involved in each of the cases hereinbefore mentioned, since it appears to be well settled by these cases, whether they involve the collection of life insurance or the inheritance of real property, that where one spouse enters into a ceremonial marriage with another person without the bonds of matrimony having been dissolved between him or her and the former spouse, the person so entering into such bigamous marriage is estopped from inheriting any part of the estate of the former spouse.

We think the chancellor was justified in his holding and the case is affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Gillespie* and *McElroy, JJ.,* concur.